Daniel B. WATSON, Petitioner, Movant,

v.

Charles W. GAUGHAN, Superintendent, et al., Respondents, Movees.

Misc. No. 119.

United States Court of Appeals
First Circuit.

Nov. 18, 1964.

Daniel B. Watson, pro se, on motions.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

We have three motions before us filed by an inmate of the Massachusetts Correctional Institution at Bridgewater. Two were filed on October 7 and the third was filed on October 22, 1964. One of the motions filed on October 7 is for a certificate of probable cause for appeal from an order of the United States District Court for the District of Massachusetts denying his application for *habeas corpus* and the other is for the appointment of counsel to assist in the prosecution of that appeal. The motion filed on October 22 is for leave to prosecute his appeal *in forma pauperis*. We have sent for and separately examined the file in the district court.

The papers in the file are unclear to the point of incoherence. It is impossible for us to tell just what has happened to the petitioner to put him in the plight he is in, confinement in a state institution for the mentally disturbed. It seems reasonably clear, however, that his consistent plaint has been denial of the right to counsel.

From what we can make of the file it appears that Watson was taken into custody in Salem, Massachusetts, on February 29, 1964, charged, *inter alia*, with kidnapping, robbery and rape. Sometime in March he was indicted of unspecified crimes and bail was set, which apparently he could not make, **and** so was held in the Essex County Jail awaiting trial. Watson claims lack of counsel at these proceedings and a "conspiracy to interfere with his civil rights." The latter assertion is apparently based on the alleged hostility of a deputy jailer.

At some point Watson sought a writ of mandamus from some Massachusetts court to compel the librarian of the Essex County Law Library to supply him with certain "opinions" and it is possible that a hearing held in Newburyport concerned this question. At any rate, it seems that some sort of hearing in some Massachusetts court was held in Newburyport on May 27, 1964, at which Watson was represented by counsel from the public defenders' office who apparently had been representing Watson for some time. But it appears that Watson and his counsel did not get along with one another and on Watson's complaint counsel asked the court for permission to withdraw which was granted. On July 6, 1964, Watson wrote to the Chief Justice of the Massachusetts Superior Court requesting the appointment of a "legal giant" to represent him. He says that he has not received any reply to this letter.

Watson then filed an application for *habeas corpus* in the United States District Court for the District of Massachusetts on July 21, 1964, and three days later he was transferred, he does not say by what procedure or why, from the Essex County Jail to the Massachusetts Correctional Institution at Bridgewater where he is now confined. The District Court on September 18, 1964, without so far as we know being aware of Watson's transfer, entered an order as follows:

"Having read the petition for writ of habeas corpus filed by Watson, this Court finds first, that he is not now in custody under any sentence of any State Court, and second, that even if he were under such custody, he has not exhausted his remedies in the State courts, and for these reasons, stated severally as well as cumulatively, his petition is denied."

This is the order which Watson would like to appeal to this court.

Our examination of the file convinces us that no counsel, however skillful, could possibly make a record upon which this court could deal intelligently with Watson's attempted appeal. And it is abundantly evident that it would be an exercise in utter futility to remand the case to afford Watson an opportunity to prepare an adequate record himself. Since it is clear that Watson is held in state custody and since there is nothing to show that he has made any attempt to avail himself of any state remedy, we think the appropriate procedure for us under all the circumstances is to deny Watson's motions, leaving him at this stage to his state remedy with such assistance by counsel as he may be able to obtain under General Rule 10 of the Supreme Judicial Court of the Commonwealth of Massachusetts.

An order will be entered denying Watson's motions.